WILSON TURNER KOSMO LLP
CLAUDETTE G. WILSON (110076)
MERYL C. MANEKER (188342)
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: cwilson@wilsonturnerkosmo.com
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: lhill@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

FILED

'09 JUL -2 AM 10: 12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DANYELL MURPHY, individually and on
behalf of all others similarly situated,

                    Plaintiff,

        v.

TARGET CORPORATION, and DOES 1
through 50, inclusive,

                    Defendants.

Case No. 09CV 1436 BEN          NLS

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §§ 1332(d) AND 1441
(DIVERSITY/CLASS ACTION)

Complaint Filed: May 19, 2009

Judge:      Hon.
Trial Date: Not Set

TO THE HONORABLE JUDGES OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 1441, Defendant TARGET CORPORATION ("TARGET"), hereby removes this action from the Superior Court of the State of California, County of San Diego to the United States District Court for the Southern District of California, and sets forth in support of its Notice of Removal of Action the following:

1.      On May 19, 2009, Plaintiff Danyell Murphy ("Plaintiff") commenced this action as a putative class action, on behalf of herself and all others similarly situated, in the Superior Court of the State of California, County of San Diego entitled *Danyell Murphy v. Target Corporation and*

-1-                    Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1441
(DIVERSITY/CLASS ACTION)



1  *Does 1-50*, inclusive, Case No. 37-2009-00090250, by filing a Class Action Complaint For Violation

2  Of The Labor Code Private Attorneys General Act Of 2004.

3      2.    The Complaint seeks penalties pursuant to California's Private Attorneys General Act

4  of 2004 based on allegations that Target failed "to provide suitable seats to plaintiff and other current

5  and former employees" who worked as cashiers in the State of California during the relevant time

6  period.  Plaintiff alleges this is a violation of California Labor Code section 1198 and Wage Order 7-

7  2001, section 14.  (Plaintiff's Complaint, attached hereto at Exhibit A, ¶¶ 1, 6, 7, 16, 17, 18.)

8      3.    As more fully set forth below, this case is properly removed to this Court pursuant to

9  28 U.S.C. § 1441 because Target has satisfied the procedural requirements for removal and this

10  Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).

11  **TARGET HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

12      4.    A Summons and Complaint was served on Target's agent for service of process on

13  June 2, 2009.  The thirtieth day after service falling on July 3, 2009, a holiday, this Notice of

14  Removal is timely filed pursuant to 28 U.S.C. § 1446 (b); Fed. Rules of Civ. Proc., rule 6 (a) (3).

15      5.    No other defendants are currently named in this putative class action.  Moreover,

16  pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), Target need not obtain the

17  consent of any other defendant to remove this action.  (*See* 28 U.S.C. § 1453 (b).)

18      6.    The Superior Court of the State of California for the County of San Diego is located

19  within the Southern District of California in San Diego.  Thus, venue is proper in this Court,

20  pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such

21  action is pending."  (*See* 28 U.S.C. § 1441(a).)

22      7.    No previous application has been made for the relief requested herein.

23      8.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served

24  upon Target, which papers include the summons and complaint, are attached hereto at Exhibit A.  No

25  other process, pleadings, or orders have been filed, served or received by Target in this case.

26  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for

27  plaintiff and being filed with the Clerk of the Superior Court of the State of California, County of

28  San Diego in Case No. 37-2009-00090250.

-2-        Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1441
(DIVERSITY/CLASS ACTION)

1 | **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER**

2 | **JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(d) AND 1441**

3 |      9.     This case is subject to removal pursuant to CAFA. As set forth below, this is a

4 | putative class action in which: (1) there are 100 or more members in the plaintiff's proposed class;

5 | (2) at least some of members of the proposed class have a different citizenship from the named

6 | defendant; and (3) the aggregate amount put in controversy by the claims of the plaintiff and

7 | proposed class members exceeds the sum or value of $5,000,000 exclusive of interests and costs.

8 | Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

9 | **Class Action Consisting of More Than 100 Members**

10 |      10.     PAGA provides for the collection of civil penalties. The statute of limitations for a

11 | PAGA claim is, therefore, one year. (Cal. Code Civ. Proc. Section 340(a); *Thomas v. Home Depot*

12 | *USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007); *see also De Simas v. Big Lots Stores, Inc.*,

13 | 2007 U.S. Dist. LEXIS 19257 (N.D. Cal. Mar. 2, 2007); *Moore v. Genesco, Inc.*, 2006 U.S. Dist.

14 | LEXIS 71115 at *7 (N.D. Cal. Sept. 20, 2006).)

15 |      11.     In her Complaint, Plaintiff purports to represent a statewide class of all individuals

16 | who worked as cashiers in California during the relevant time period. (Plaintiff's Complaint ¶ 1, 7.)

17 | The complaint alleges that "Plaintiff is informed and believes that the class consists of well over

18 | 1,000 individuals." (Plaintiff's Complaint ¶ 10.)

19 |      12.     Plaintiff's Complaint seeks penalties pursuant to PAGA and other relief for a

20 | statewide class based upon alleged failure to provide "suitable seats" for cashiers. (Plaintiff's

21 | Complaint ¶¶ 1, 7, 16-18.) Between May 19, 2008 and the present, Target employed more than

22 | 16,000 individuals as cashiers in California. (*See* Declaration of Adrian Malatesta In Support Of

23 | Defendant Target Corporation's Removal of Action to District Court ("Malatesta Decl.") ¶ 3.)

24 |      13.     The aggregate number of class members of all proposed class members is greater than

25 | 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

26 | **Diversity of Citizenship**

27 |      14.     Plaintiff Murphy is a resident of the state of California. (Plaintiff's Complaint ¶ 2.)

28 | She alleges that she resides and works in the State of California. She does not allege any alternative

1    state of residence.  Plaintiff's residence is prima facie evidence that she is domiciled in California for

2    purposes of diversity.  (*State Farm Mut. Aut. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994).)

3          15.     Plaintiff alleges that Target "is a Minnesota corporation." (Plaintiff's Complaint ¶3.)

4    Indeed, Target is, and was at the time plaintiff commenced this action, a corporation organized under

5    the laws of the State of Minnesota.  Target's principal place of business is located in Minnesota.

6    (See Malatesta Declaration, ¶ 4.)  Thus, Target is a citizen of Minnesota for purposes of determining

7    diversity, (28 U.S.C. § 1332(c)(1)), and not a citizen of California.  Thus, at least one proposed class

8    member and the defendant are diverse.

9          **The Amount In Controversy Requirement Is Met**

10         16.     Plaintiff in this case alleges alleged that Target failed to provide "suitable seats" for

11    its cashiers, violating the Wage Order and Labor Code 1198. (Plaintiff's Complaint ¶ 1.)  The

12    Complaint also "requests penalties against Target as provided under Lab. Code 2699(f)." (Plaintiff's

13    Complaint ¶ 19.)

14         17.     Labor Code section 2699(f) provides, in relevant part, "[f]or all provisions of this

15    code except those for which a civil penalty is specifically provided, there is established a civil

16    penalty for a violation of these provisions, as follows…(2) If, at the time of the alleged violation, the

17    person employs one or more employees, the civil penalty is one hundred dollars ($100) for each

18    aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each

19    aggrieved employee per pay period for each subsequent violation."

20         18.     Target pays its employees biweekly. (Malatesta Declaration, ¶ 4.)  The total number

21    of pay periods in which an individual worked as a cashier in California between May 19, 2008 and

22    June 1, 2009 exceeds 207,000.  (Malatesta Declaration, ¶ 4.)

23         19.     The claims of the individual class members in a class action are aggregated to

24    determine if the amount in controversy exceeds the sum or value of $5,000,000. (*See* 28 U.S.C. §§

25    1332(d)(2) & (6).)

26         20.     Although Target denies Plaintiff's factual allegation and denies that Plaintiff or the

27    class or any subclass that she purports to represent are entitled to the relief she seeks, based on

28    Plaintiff's allegations and prayer for relief, plaintiff's claims meet this jurisdictional threshold.

-4-        Case No.

1  Assuming each of the "pay periods" described above resulted in a $100 penalty, the amount of

2  penalties in controversy exceeds $20,700,000.

3      21.    Plaintiff also claims attorneys' fees in addition to PAGA penalties.  (Plaintiff's

4  Complaint ¶19; Prayer for Relief, ¶2.)  Attorneys' fees are properly included in determining the

5  amount in controversy.  (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Sanchez*

6  *v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. 2007) ("attorney's fees, if authorized by

7  statute or contract, are also part of the calculation.")  Assuming plaintiff can recover on her theories

8  and allegations on a class-wide basis, her lawyers would likely argue that they should receive all

9  attorneys' fees incurred.  If Plaintiff's counsel seeks 25% of the potential PAGA penalties as fees, the

10  amount in controversy would increase by approximately $5,175,000.

11      22.    CAFA's legislative history makes clear that any doubts regarding the maintenance of

12  interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.

13  (*See, e.g.*, S. REP. 109-14, at 3 (2005) ["Overall, new section 1332(d) is intended to expand

14  substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with

15  a strong preference that interstate class actions should be heard in a federal court if properly removed

16  by any defendant."].)

17      Attached hereto as Exhibit A are copies of all prior pleadings filed in the Superior Court case.

18      WHEREFORE, Defendant Target Corporation, respectfully removes this action from the

19  Superior Court of the State of California, County of San Diego, bearing Case No. 37-2009-

20  00090250, to this Court pursuant to 28 U.S.C. § 1441.

21

22  Dated:    July 2, 2009                **WILSON TURNER KOSMO LLP**

23

24                                    By: _____

25                                       CLAUDETTE G. WILSON
                                         MERYL C. MANEKER
26                                       LISA A. HILL
                                         Attorneys for Defendant
27                                       TARGET CORPORATION

28

-5-                        Case No.

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1441
(DIVERSITY/CLASS ACTION)

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANYELL MURPHY, individually and on behalf of all others similarly situated

<table>
<tr><td>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</td></tr>
<tr><td>F I L E D<br>Clerk of the Superior Court<br>MAY 2 1 2009<br>MAY 19 '09 PM 4:05<br>By: M. McKinley, Deputy</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una Carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la cortey más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | CASE NUMBER:<br>*(Número del Caso):*<br>37-2009-00090250-CU-OE-CTL |

☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101 -3827
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA , CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | |
|---|---|
| James F. Clapp (145814)<br>DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA 92122 | Tel: (858) 623-4200<br>Fax: (858) 623-4299 |

| | | |
|---|---|---|
| DATE: MAY 2 1 2009<br>*(Fecha)* | Clerk, by _____<br>*(Secretario)*<br>M. McKinley | CLERK OF THE SUPERIOR COURT<br>, Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]<br>SDSCCIV-219(Rev. 1-04) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

Exh. *A*, Page *6*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| James F. Clapp (145814)<br>DOSTART CLAPP GORDON & COVENEY, LLP<br>4370 La Jolla Village Drive, Suite 970<br>San Diego, CA 92122<br><br>TELEPHONE NO.: 858-623-4200      FAX NO.: 858-623-4299<br>ATTORNEY FOR (Name): Plaintiff Danyell Murphy | FILED<br>CIVIL BUSINESS OFFICE 1S<br>CENTRAL DIVISION<br><br>09 MAY 19 PM 5: 53<br><br>SAN DIEGO... |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Hall of Justice

CASE NAME: Murphy v. Target Corporation

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 37-2009-00090250-CU-OE-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☒ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☒ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☒ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☒ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): One (1)

5. This case ☒ is ☐ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 19, 2009

James F. Clapp
_____
(TYPE OR PRINT NAME)        ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exh. A, Page 7

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other
 Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

### CIVIL CASE COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com

Exh. A, Page 8

1 │ JAMES F. CLAPP (145814)
  │ jclapp@sdlaw.com
2 │ MARITA MURPHY LAUINGER (199242)
  │ mlauinger@sdlaw.com
3 │ ZACHARIAH P. DOSTART (255071)
  │ zdostart@sdlaw.com
4 │ DOSTART CLAPP GORDON & COVENEY, LLP
  │ 4370 La Jolla Village Drive, Suite 970
5 │ San Diego, California  92122-1253
  │ Tel:  858-623-4200
6 │ Fax: 858-623-4299

7 │ KEVIN J. McINERNEY (46941)
  │ kevin@mcinerneylaw.net
8 │ McINERNEY & JONES
  │ 18124 Wedge Parkway #503
9 │ Reno, Nevada 89511
  │ Tel:  775-849-3811
10│ Fax: 775-849-3866

11│ MATTHEW RIGHETTI (121012)
  │ matt@righettilaw.com
12│ RIGHETTI LAW FIRM, P.C.
  │ 456 Montgomery Street, Suite 1400
13│ San Francisco, California 94104
  │ Tel:  415-983-0900
14│ Fax: 415-397-9005

15│ Attorneys for Plaintiff

16│

17│         SUPERIOR COURT OF THE STATE OF CALIFORNIA

18│             IN AND FOR THE COUNTY OF SAN DIEGO

19│                                        37-2009-00090250-CU-OE-CTL

20│ DANYELL MURPHY, individually and on      CASE NO.
  │ behalf of all others similarly situated,
21│                                          CLASS ACTION COMPLAINT FOR
  │                 Plaintiff,               VIOLATION OF THE LABOR CODE
22│                                          PRIVATE ATTORNEYS GENERAL ACT
  │ vs.                                      OF 2004 (CAL. LAB. CODE SECTION
23│                                          2698 ET SEQ.)
  │ TARGET CORPORATION, and DOES 1
24│ through 50, inclusive,
25│                 Defendants.
26│
27│
28│
  │                                          Exh. A, Page 9

──────────────────────────────────────
CLASS ACTION COMPLAINT

FILED
CIVIL BUSINESS OFFICE 1S
CENTRAL DIVISION
09 MAY 19  PM 5: 53
MAY 19'09 PM 4:05
SAN DIEGO COUNTY, CA

1   Plaintiff Danyell Murphy, individually and on behalf of all others similarly situated,

2   alleges as follows:

3   <u>INTRODUCTION</u>

4   1.    This is a class action and a representative action for recovery of penalties under the

5   California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section

6   2698 et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and

7   other current and former employees to address an employer's violations of the California Labor

8   Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-

9   2001, section 14 by failing to provide suitable seats to plaintiff and other current and former

10   employees. Plaintiff seeks penalties on behalf of herself and other current and former employees

11   of defendants as provided herein.

12   2.    Plaintiff Danyell Murphy is an individual residing in the State of California.

13   3.    Defendant Target Corporation is a Minnesota corporation doing business in San

14   Diego, California.

15   4.    Plaintiff does not know the names of those defendants sued as DOES 1 through 50

16   but will amend this complaint when she learns those names. Plaintiff alleges on information and

17   belief that each of the defendants is the agent, representative, successor, affiliate, officer, director,

18   employee, co-conspirator, or alter ego of each of the other defendants and is in some manner

19   responsible for the wrongdoing alleged herein. For the purposes of this complaint, the defendants

20   are collectively referred to as "Target."

21   5.    Venue is proper in this judicial district because at least some of the alleged

22   wrongdoing occurred in this judicial district.

23   6.    At all relevant times, plaintiff was employed as a Cashier at Target in San Diego.

24   In connection with her job as a Cashier, plaintiff regularly operated a cash register.

25   /////

26   /////

27   /////

28   /////

Exh. A, Page 10

CLASS ACTION COMPLAINT

1

1     7.    Wage Order 7-2001, which covers businesses in the "mercantile industry" such as
2 Target, states: "All working employees shall be provided with suitable seats when the nature of the
3 work reasonably permits the use of seats." <u>Id.</u>, section. 14(a).  Target failed to provide its
4 Cashiers, including plaintiff, with seats, despite the fact that the nature of cashier work reasonably
5 permits the use of seats.

6 CLASS ALLEGATIONS

7     8.   <u>Class Definition:</u>  Plaintiff brings this lawsuit on her own behalf and as a class
8 action under Cal. Code Civ. Proc. section 382 and Fed. R. Civ. P. 23.  The class ("Class") that
9 plaintiff seeks to represent is defined as follows: "All persons who, during the applicable statute of
10 limitations, were employed by Target in the State of California in the position of Cashier, or
11 similar position that regularly involves the operation of a cash register, and were not provided with
12 a seat."

13    9.   <u>Ascertainable Class:</u>  The Class is ascertainable in that its members may be
14 identified and located using information contained in Target's personnel records.

15    10.   <u>Numerosity:</u>  The Class is so numerous that the individual joinder of all members is
16 impractical under the circumstances of this case.  Plaintiff is informed and believes that the Class
17 consists of well over 1,000 individuals.

18    11.   <u>Common Questions of Fact or Law:</u>  This lawsuit is suitable for class treatment
19 because common questions of fact and law predominate over individual issues.  Common
20 questions include, but are not limited to, the following: (1) whether Target is subject to the
21 requirements of Wage Order 7-2001, section 14; (2) whether the job of a Cashier at Target
22 reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount
23 of penalties that should be awarded under PAGA.

24    12.   <u>Typicality:</u>  Plaintiff's claims are typical of the claims of Class members.  Plaintiff
25 and the Class members were injured by Target's common practice of failing to provide seats.

26    13.   <u>Adequacy.</u>  Plaintiff will fairly and adequately protect the interests of the Class.
27 Plaintiff has no interests that are adverse to the interests of the Class.

28 /////

Exh. A, Page 11

CLASS ACTION COMPLAINT

14. <u>Superiority.</u>   A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.   Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

<u>FIRST CAUSE OF ACTION</u>
(Violation of PAGA)

15. Plaintiff incorporates by reference the allegations set forth above.

16. California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.   By failing to provide plaintiff and the other Class members with seats, in violation of Wage Order 7-2001, section 14, Target violated Lab. Code section 1198.

17. PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or herself and other current or former employees as a result of the employer's violations of certain sections of the California Labor Code.   Plaintiff is an aggrieved employee, in that plaintiff is employed by Target and was not provided with a seat, in violation of Lab. Code section 1198 and Wage Order 7-2001, section 14.   A violation of Lab. Code section 1198 gives rise to private right of action under PAGA.

18. Plaintiff has complied with the PAGA notice provision set forth in Cal. Lab. Code section 2699.3(a)(1).   The Labor and Workforce Development Agency has not provided plaintiff with notice that it intends to investigate this violation, although 33 calendar days have elapsed since the postmark date of plaintiff's notice.   Accordingly, plaintiff is entitled to commence this action.

Exh. A, Page 12

CLASS ACTION COMPLAINT

19.   Plaintiff requests penalties against Target as provided under Lab. Code section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## PRAYER

WHEREFORE, plaintiff requests entry of judgment, on behalf of herself and the other Class members, against each defendant, jointly and severally, as follows:

1.   For penalties according to proof;

2.   For reasonable attorneys' fees and costs of suit; and

3.   For such other relief that the Court deems proper.

Dated: May 19, 2009                    DOSTART CLAPP GORDON & COVENEY, LLP

JAMES F. CLAPP
Attorneys for Plaintiff

83465.1

Exh. *A*, Page 13

CLASS ACTION COMPLAINT

4



| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| --- | --- |
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY AND ZIP CODE:     San Diego, CA 92101 | |
| BRANCH NAME:     Central | |
| TELEPHONE NUMBER:  (619) 450-7061 | |

| PLAINTIFF(S) / PETITIONER(S):      Danyell Murphy |
| --- |

| DEFENDANT(S) / RESPONDENT(S):  Target Corporation |
| --- |

| MURPHY VS. TARGET CORPORATION | |
| --- | --- |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2009-00090250-CU-OE-CTL |

Judge:  John S. Meyer                                             Department: C-61

**COMPLAINT/PETITION FILED:** 05/19/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

**NOTICE OF CASE ASSIGNMENT**

Exh. A, Page 14

| UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA | | COURT USE ONLY |
|---|---|---|
| TITLE OF CASE (ABBREVIATED)<br>Murphy v. Target Corporation | | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):                           TELEPHONE NO.:<br>CLAUDETTE G. WILSON (110076)                     Tel. (619) 236-9600<br>MERYL C. MANEKER (188342)                        Fax: (619) 236-9669<br>LISA A. HILL (223995)<br>**WILSON TURNER KOSMO LLP**<br>550 West C Street, Suite 1050<br>San Diego, CA 92101 | | |
| ATTORNEYS FOR:<br>Defendant, TARGET CORPORATION | HEARING DATE – TIME | CASE NUMBER: |

## PROOF OF SERVICE

At the time of service I was over 18 years of age and not a party to this action. My business address is Wilson Turner Kosmo LLP, 550 West C Street, Suite 1050, San Diego, CA 92101.

On July 2, 2009, I served the following documents:

1.   CIVIL COVER SHEET
2.   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(d) AND 1441 (DIVERSITY/CLASS ACTION)
3.   DECLARATION OF ADRIAN MALATESTA IN SUPPORT OF DEFENDANT TARGET CORPORATION'S REMOVAL OF ACTION TO DISTRICT COURT
4.   NOTICE OF PARTY WITH FINANCIAL INTEREST

I served the documents on the person below, as follows:

James F. Clapp
Marita Murphy Lauinger
Zachariah P. Dostart
Dostart Clapp Gordon & Coveney, LLP
4370 La Jolla Village Drive, Ste. 970
San Diego, CA 92122-1253
Phone:  858.623.4200
Fax:  858.623.4299
Attorneys for Plaintiff, Danyell Murphy

Kevin J. McInerney
McInerney & Jones
18124 Wedge Parkway, #503
Reno, NV 89511
Phone: 775.849.3811
Fax: 775.849.3866
Attorneys for Plaintiff, Danyell Murphy

Matthew Righetti
Righetti Law Firm, P.C.
456 Montgomery Street, Ste. 1400
San Francisco, CA 94104
Phone:  415.983.0900
Fax:  415.397.9005
Attorneys for Plaintiff, Danyell Murphy

☐   **By fax transmission.**  Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission, which I printed out, is attached.

☒   **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addressed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Murphy v. Target Corporation
Case No.

☐    **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐    **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 2, 2009, at San Diego, California.

Tracey Cornish

00301241

**PROOF OF SERVICE**

JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Danyell Murphy | Target Corporation |

'09 CV 1436 BEN   NLS

| (b) County of Residence of First Listed Plaintiff San Diego County, CA | County of Residence of First Listed Defendant Hennepin County, MN |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| DOSTART CLAPP GORDON & COVENEY | Wilson Turner Kosmo, LLP |
| James F. Clapp | Claudette G. Wilson; Meryl C. Maneker; Lisa A. Hill |
| 4370 La Jolla Village Drive, Suite 970 | 550 West C Street, Suite 1050 |
| San Diego, California 92122-1253 | San Diego, CA 92101 |
| 858-623-4200 | 619.236.9600 |

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | **PERSONAL INJURY** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | [ ] 362 Personal Injury - Med. Malpractice | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 365 Personal Injury - Product Liability | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 370 Other Fraud | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 371 Truth in Lending | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 380 Other Personal Property Damage | | | [ ] 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | [ ] 385 Property Damage Product Liability | | | |
| [ ] 441 Voting | **PRISONER PETITIONS** | | | |
| [X] 442 Employment | [ ] 510 Motion to Vacate Sentence | | | |
| [ ] 443 Housing/ Accommodations | **Habeas Corpus:** | | | |
| [ ] 444 Welfare | [ ] 530 General | | | |
| [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | | |
| [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | | | |
| [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |

| | **IMMIGRATION** |
|---|---|
| | [ ] 462 Naturalization Application |
| | [ ] 463 Habeas Corpus - Alien Detainee |
| | [ ] 465 Other Immigration Actions |

**V. ORIGIN** (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(d) and 1441

Brief description of cause:
Claim pursuant to Private Attorneys General Act

**VII. REQUESTED IN COMPLAINT:**  [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:   JURY DEMAND: [ ] Yes [X] No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE July 2, 2009

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 002634   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CSDJS44

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002639
Cashier ID: bhartman
Transaction Date: 07/02/2009
Payer Name: KNOX ATTY SVCS
----------------------------------
CIVIL FILING FEE
 For: MURPHY V TARGET CORP
 Case/Party: D-CAS-3-09-CV-001436-001
 Amount:        $350.00
----------------------------------
CHECK
 Check/Money Order Num: 7231
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```