# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANYELL MURPHY,<br><br>  vs.                                        Plaintiff,<br><br>TARGET CORPORATION,<br><br>                                       Defendant. | CASE NO. 09-cv-1436 BEN (WMc)<br><br>ORDER DENYING MOTION TO STAY ACTION<br><br>[Docket No. 27] |

Before the Court is Defendant Target Corporation's ("Target's") motion to stay this action ("Motion") pending decisions by the California Court of Appeals in *Bright v. 99¢ Only Stores* and *Home Depot U.S.C. v. Superior Court*. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

This action is a class action brought by Plaintiff Danyell Murphy ("Plaintiff") in her capacity as Cashier at Target. Plaintiff alleges Target failed to provide suitable seats to its cashiers, in violation of Wage Order 7-2001. Plaintiff alleges a violation of Wage Order 7-2001 constitutes a violation of Labor Code section 1198 which, in turn, permits Plaintiff to bring an action pursuant to the Private Attorneys General Act of 2004 ("PAGA") to recover civil penalties. (Docket No. 1, Ex. A (Complaint), at ¶¶ 16 and 17.)

On July 9, 2009, Target filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Docket No. 4.) Target moved to dismiss on the grounds that PAGA does not apply to violations of wage orders such as Wage Order 7-2001, and, even if it did apply, Plaintiff has no right

1  to recover penalties. The Court disagreed and, on January 12, 2010, entered an order denying Target's
2  motion to dismiss. (Docket No. 17.)
3        On October 5, 2010, Target filed the Motion currently before the Court. (Docket No. 27.) The
4  Motion is made on the grounds that there are two pending state court appeals that, for the first time
5  on appeal, address the same issues listed above, in particular whether PAGA applies to wage order
6  violations. Based on the interests of judicial economy and to avoid inconsistent outcomes, Target
7  argues the Court should stay this action pending the outcome of those appeals. Plaintiff filed an
8  opposition, and Target filed a reply. (Docket Nos. 29, 30.)

## DISCUSSION

10  It is well-established that this Court has broad discretion to stay an action. *Leyva v. Certified*
11  *Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). As noted, Target's Motion is premised
12  on two pending state court appeals: *Bright* and *Home Depot*. However, while the Motion was pending,
13  the California Second District Court of Appeal issued its formal written decision in *Bright*. Therefore,
14  *Bright* is no longer pending and does not support the issuance of a stay in this case. Notably, the
15  Court's January 12, 2010 order denying Target's motion to dismiss is consistent with the *Bright*
16  decision and is consistent with lower federal and state court decisions. The remaining issue is,
17  therefore, whether a stay is appropriate in light of the pending appeal in *Home Depot*.
18  In deciding whether to grant a stay, the Court considers:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

22  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). If the plaintiff can show a fair possibility of
23  damage, the burden shifts to the defendant to show it would suffer hardship or inequity as a result of
24  the stay. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.
25  2007).
26  This action was removed to this Court approximately a year and a half ago, on July 2, 2009.
27  (Docket No. 1.) However, the parties have not yet begun discovery (other than an exchange of initial
28  disclosures). (Mot., 9:17-18; Opp., 3:17-18.) In particular, Plaintiff contends she has not been able

to discover information relating to potential class members and, as more time passes, the potential difficulty in contacting these class members increases, as they may have moved or otherwise become unavailable. *Id.* Target does not dispute these contentions, rather Target suggests that every day this matter continues, Target hires new cashiers and, therefore, the potential class size grows, thereby benefitting Plaintiff. (Reply, 6.) Target further contends that oral argument in *Home Depot* is scheduled for December 10, 2010 and, given the speedy decision in *Bright*, it is likely there will be a speedy decision in *Home Depot*. (Reply, 3.) Even if true, however, these contentions do not negate the possibility of damage to Plaintiff, nor do they show there would be hardship or inequity absent a stay. The only hardship claimed by Target is the purported cost and effort of going forward in litigation. (Reply, 6.) This purported hardship, however, exists in all litigation and is ameliorated when recognizing that any decision by the *Home Depot* court is not binding on this Court and, in any event, the *Home Depot* court will most likely follow the *Bright* decision, which notably is consistent with this Court's January 12, 2010 order and is consistent with several other decisions on the PAGA issue.[1] *Mega Life and Health Ins. Co. v. Superior Court*, 172 Cal. App. 4th 1522, 1529 (2009) (noting that, although an appellate court is not bound by a decision from a sister appellate court, the court will generally follow such decisions due to an interest for stare decisis and legal predictability). For these same reasons, the Court does not find that the interests of justice necessitate a stay in this action.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Target's motion to stay.

**IT IS SO ORDERED**.

Date: December 09, 2010

Hon. Roger T. Benitez
United States District Court Judge

---

[1] *See, e.g., Currie-White v. Blockbuster, Inc.*, 2009 WL 2413451 (N.D. Cal. August 5, 2009); *Hall v Rite Aid Corp.*, Superior Court of California, County of San Diego, Case No. 37-2009-00087938 (September 18, 2009); *Hamilton v. San Francisco Hilton, Inc.*, Superior Court of California, County of San Francisco, Case No. 04-431310 (June 29, 2005).