**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANYELL MURPHY, et al.,<br><br>                                  Plaintiff,<br>vs.<br><br>TARGET CORPORATION, et al.,<br><br>                                  Defendant. | CASE NO. 09cv1436-AJB (WMc)<br><br>**ORDER RE: MOTION TO COMPEL DISCLOSURE OF NAMES AND CONTACT INFORMATION OF PUTATIVE CLASS MEMBERS [DOC. NO. 38.]** |

**<u>Background</u>**

Plaintiff Danyell Murphy brings this putative class action lawsuit on behalf of cashiers at Target Corporation alleging that Target violated California Industrial Welfare Commission Wage Order 7-2001 section 14(a) which states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Plaintiff alleges a violation of Wage Order 7-2001 constitutes a violation of Labor Code section 1198 which, in turn, permits Plaintiff to bring an action pursuant to the Private Attorneys General Act of 2004 to recover civil penalties. [Doc. No. 1, Exh. A (Complaint).]

On January 14, 2011, Plaintiff filed a motion to compel disclosure of the names and contact information of putative class members. [Doc. No. 38.] Target filed an opposition to Plaintiff's motion on January 31, 2011. [Doc. No. 40.] Plaintiff filed a reply to Target's opposition on February 4, 2011. [Doc. No. 42.]

/////

*Plaintiff's Motion to Compel*

Plaintiff seeks a Court order compelling Target to produce the names, addresses and telephone numbers of putative class members employed at 10% of Target stores in California. [Doc. No. 38-1, pg. 2.] Specifically, Plaintiff requests the Court order the procedure Plaintiff proposed to Target on January 5, 2011:

> (1) Target would provide Plaintiff with a list of the Target stores in California by January 14, 2011; (2) plaintiff would select a sample of 10% fo those stores; (3) within 10 court days of plaintiff's selection, Target would provide to plaintiff the name, contact information, job title, and store location of each putative class member who worked in the selected stores during the limitations period; and, (4) both sides would agree to limit their pre-certification communications regarding this lawsuit to those putative class members whose contact information had been provided to plaintiff. In other words, under plaintiff's procedure, both sides would have "equal access" to the putative class.

[Doc. No. 38-1, pg. 3.]

*Target's Response*

Although Target concedes that it must disclose the names and contact information of a putative class sample, Target disagrees with Plaintiff on the size and scope of the sample, the definition of the sample, whether a privacy notice should issue before disclosure, the limitations on counsel's communications with Target employees, and the disclosure of employee telephone numbers. [Doc. No. 40, pg. 1.]

*Plaintiff's Reply*

Following Target's response, Plaintiff narrowed the issues before the Court to the following: (1) defining the representative sample; (2) setting the size of the representative sample; (3) whether the putative class members must receive an "opt-out" notice before the disclosure of their contact information; and (4) the inclusion of employee telephone numbers in the contact information disclosed. [*See* Doc. No. 42, pg. 2.]

**Standards**

Federal Rule of Civil Procedure to 26(b) sets forth the scope and limits of discovery in civil cases. It reads in pertinent part: "Unless otherwise limited by court order, the scope of discovery is as follows: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any parties claim or defense–including...[t]he identity and location of persons who know of any

1  discoverable matter." Fed.R.Civ.P. 26(d). In the class action context, Courts balance the following
2  factors when assessing the potential intrusion of pre-certification discovery on the putative class
3  members' right of privacy in their contact information: (1) if the party has a legally protected
4  privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether
5  production of the information constitutes a serious invasion of privacy. *Pioneer Electronics v.*
6  *Superior Court*, 40 Cal.4 th 360 (2007) (citing *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th
7  1 (1994)).

## Discussion

*Defining the Class*

10  In its response, Target focuses in part on the literal definition of Plaintiff's request for the
11  contact information of employees who "held the position of cashier (including without limitation
12  the photo lab team member position and any similar position that regularly involves the operation
13  of a cash register)..." [Doc. No. 40, pg. 7.] However, Target concedes that its employees' job titles
14  include "Cashier," "Photo Lab Team Member," and "Guest Service (Desk) Team Member,"
15  (collectively referred to as "CPS") among others. (*Id*. at pg. 7-8.) Defining the class sample by
16  title sufficiently satisfies the Court because Plaintiff specifically narrowed her request to three
17  distinct employee-title categories which Target utilizes. [Doc. No. 42, pg. 5.] With the class
18  narrowed to CPS employees, the Court finds Target's argument that it cannot determine which
19  individuals fall under Plaintiff's request unavailing.

*Size of the Class*

21  The parties differ on the appropriate size of the class sample; Plaintiff requests names and
22  contact information from CPS employees in 10% of Target's California stores while Target offers
23  a conditional 6%.[1] Plaintiff contends a 10% sample, or 25 stores, reasonably permits her to contact
24  putative class members. [Doc. No. 42, pg. 5.] Target contends Plaintiff's request requires Target to
25  endure undue burden and expense. [Doc. No. 40, pg. 9.] Specifically, Target estimates Plaintiff's
26  request requires Target to produce the contact information of 2,860 Target employees. *Id*. Further,

---

[1] Target offers to allow Plaintiff to select a sample of 15 stores subject to Target's right to substitute up to five of the stores with stores that have similar characteristics. Target cites necessary business reasons for this condition. [Doc. No. 40, pg. 10.]

1  Target alleges, these employees will inevitably disrupt operations by asking their managers about
2  the class-related contact. *Id.* Target cites *Martinet v. Spherion Atlantic Enterprises, LLC,* 2008
3  U.S. DIST. Lexis 48113 (S.D. Cal. 2008) and *Currie-White v. Blockbuster,* 2010 U.S. Dist. LEXIS
4  47071 (N.D. Cal. April 15, 2010) in support of its argument regarding the unreasonable and
5  burdensome nature of Plaintiff's request. [*See* Doc. No. 40, pg. 9.]
6        Although Target's contentions have some merit, the Court finds Target's reliance on
7  *Martinet* and *Blockbuster* unpersuasive. Indeed, these courts contemplated the requested discovery
8  of 10,000 and 9,000 employees, respectively. *See Blockbuster* at *5 and *Martinet* at *5. Although
9  the courts in both *Martinet* and *Blockbuster* ultimately limited the scope of discovery requested,
10 Plaintiff here has already reasonably limited her request to CPS employees at 10% of Target's
11 California stores. *See Blockbuster* at *9-10 and *Martinet* at *6. Importantly, Target offers a
12 presumably reasonable 1,716 member sample to counter Plaintiff's request for 2,860. [*See* Doc.
13 No. 40, pg. 9.] However, Target fails to specify how this 1,144 difference in the parties' offers
14 renders Plaintiff's offer unreasonable or unduly burdensome.[2] Because Plaintiff limited her request
15 to a reasonable size, this Court finds no need to impose further limits.
16       The Court appreciates Target's concern regarding the disruption of Target operations.
17 Certainly, some disruption is unavoidable. While working side by side or enjoying a snack in the
18 break room, CPS employees will likely share common concerns and issues and therefore
19 inevitably discuss pre-certification notice. However, the Court concludes Target's objection to
20 Plaintiff's requested sample size must yield to Plaintiff's right to obtain class information from a
21 reasonable sample size.
22       *The "Opt-Out" Notice Requirement*
23       Plaintiff argues that no "opt-out" notice is required for the putative class members in this
24 case because of the "looming" deadline to file her class certification motion; because the parties
25 have agreed no procedure is necessary; and because the law does not require a notice procedure.
26 [Doc. No. 38-1, pg. 4.] However, the deadline to file for class certification has been vacated and
27
28       [2] The Court derives these figures from the estimates provided by the parties in their briefing. [*See* Doc. No. 40, pg. 9.]

- 4 -       09cv1436-AJB (WMc)

thus no longer looms; Target denies any *past* binding-agreement to forego a notice procedure; and, Target *presently* insists on the use of such a procedure. [*See* Doc. No. 40, pg. 11.] With Plaintiff's factual arguments in support of forgoing a notice procedure removed, the remaining issue before the Court is whether to forego the "opt-out" notice procedure simply because the law does not require it.

Plaintiff first cites *Pioneer Electronics v. Superior Court*, 40 Cal.4 th 360 (2007) to support her contention that California law does not require Plaintiff to utilize an "opt-out" procedure for contacting putative class members and then cites several federal court decisions which applied *Pioneer* and found the "opt-out" notice procedure unnecessary under the circumstances. [Doc. No. 38-1, pg. 5-6.] Notably, in every case Plaintiff cites, the court did not forego the notice procedure simply because the law did not require it, but rather because the circumstances of the particular case rendered a notice procedure unnecessary or unsuitable. *See Alvarez v. The Hyatt Regency Long Beach*, 2010 U.S. Dist. Lexis 99281, *5 (N.D.Cal. September 21, 2010); *Tierno v. Rite Aid Corporation*, 2008 U.S. Dist. Lexis 58748, *10 (N.D. Cal. 2008); *Sanbrook v. Office Depot*, 2009 U.S. Dist. Lexis 30852, *3 (N.D. Cal. March 30, 2009); *Khalilpour v. Cellco Partnership*, 2010 U.S. Dist. Lexis 43885 (N.D. Cal. April 1, 2010). Rather, courts applying *Pioneer* balance the privacy interests of the putative class with the discovery interests of both parties.[3] (*Id.*)

Specifically, Courts balance the following factors when assessing the potential intrusion of pre-certification discovery on the putative class members' right of privacy in their contact information: (1) if the party has a legally protected privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. *Pioneer*, 40 Cal.4th at 370-71 (*citing Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 26 (1994)). Privacy concerns may be of greater significance in employee class action suits as opposed to customer class action suits. *See Belaire-West Landscape Inc. v. Superior Court*, 149 Cal.App.4th 554, 561 (2007). Applying *Pioneer* to the employee class

---

[3] The Court notes some cases stand for the proposition that a court need only utilize a balancing test where the party has a legally protected privacy interest, the party has a reasonable expectation of privacy, and the production of information constitutes a serious invasion of that privacy. *See Belaire-West Landscape Inc. v. Superior Court*, 149 Cal.App.4th 554, 562 (2007). As in *Belaire*, this Court finds the "opt-out" notice procedure appropriate under either analysis.

action context, the *Belaire* Court concluded the opt-out notice procedure advocated by plaintiff adequately protected the privacy concerns of employees who disclosed contact information to their employer as a condition of employment while allowing the competing discovery interest of obtaining employee contact information absent employee objection. *Id*. at 561-62.

Applying the decisions in *Pioneer*, *Hill*, and *Belaire*, the Court finds the circumstances present here suggest the parties should utilize an opt-out notice procedure. Similar to the employees in *Belaire*, Target's employees likely provided their contact information to Target as a condition of employment and with the understanding or expectation that Target would not disclose this information externally. *Id*. at 561. Thus, the Court concludes Target employees have a legally protected privacy interest and a reasonable expectation of privacy in their contact information held by Target.

Nevertheless, the disclosure of this information does not constitute a serious invasion of privacy because parties may generally discover the identifying information of potential class members, especially where an opt-out notice affords the potential class members the opportunity to decline disclosure. *See Pioneer*, 40 Cal.4th at 373. Therefore, the Court finds the opt-out notice procedure utilized in *Belaire* applicable to the present case. The parties are instructed to follow the "opt-out" procedure as outlined in *Belaire*.

Additionally, the Court finds Plaintiff's arguments, or circumstances for notice forbearance unpersuasive because the Court has vacated the class certification deadline, and because Target *presently* insists on a notice procedure and denies any *past* binding-agreement to the contrary. [*See* Doc. No. 40, pg. 11.] Moreover, Plaintiff's counsel previously advocated the use of an "opt-out" procedure, citing this Court's preference for the procedure outlined in *Belaire*. [*See* Doc. No. 38-3, pg. 1-2.] Therefore, as this Court concluded in *Stone v. Advance America*, et al., 2009 U.S. Dist. LEXIS 12968 (S.D. Cal. 2009), an opt-out notice "most adequately strikes a fair balance between protecting the privacy of putative class members' information with the need of class counsel to receive the contact information necessary for any upcoming class certification efforts."

*Disclosure of Class Member Phone Numbers*

After applying the same reasoning and facts as above, the Court finds the putative class members in this controversy have a legally protected interest in the privacy of their phone numbers

1  and a reasonable expectation of privacy. However, Plaintiff does not seek particularly sensitive
2  information. In the class action context, parties commonly disclose names, addresses, and
3  telephone numbers because such disclosure does not involve revelation of personal secrets,
4  intimate activities, or similar private information, which may constitute serious invasions of
5  privacy. *See Pioneer*, 40 Cal.4th at 373 and *Tierno v. Rite Aid Co.*, 2006 U.S. Dist. LEXIS 71795,
6  at *9-10 (N.D. Cal. June 16, 2006) (finding production of name, addresses and telephone numbers
7  of putative class members appropriate under Federal and California law).
8        Additionally, the Court does not find Target's reliance on *Tomassi v. City of Los Angeles*,
9  2008 WL 4722393 *4 (C.D. Cal. 2008) persuasive. In *Tomassi*, the Court ordered the defendant to
10  produce only the names and addresses of the potential class members and not their telephone
11  numbers (or alternative contact information such as email addresses) reasoning such limited
12  production minimized potential privacy concerns related to the *opt-in* notice procedure at issue.
13  *See id.* at *2, 4 (*italics added*.) Here, the Court does not find the disclosure of employee telephone
14  numbers invasive because the employees may opt-out pursuant to the *opt-out* notice procedure.
15  Furthermore, the disclosure of employee phone numbers may help expedite the current
16  proceedings. Moreover, the contact information shall be disclosed pursuant to an appropriate
17  protective order which shall include two key provisions. First, the information shall only be used
18  for purposes of this lawsuit and cannot be disseminated. Second, after the full resolution of this
19  lawsuit (including any appeals) Plaintiff, her counsel and experts shall destroy the contact
20  information from all media, including electronic storage. Therefore, Defendant's privacy
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

1 | objections must yield to Plaintiff's request for the information.

**Conclusion**

Plaintiff's motion to compel is **GRANTED** consistent with this Order. Target shall produce the names, addresses and telephone numbers of putative class members employed at 10% of Target stores in California. The parties shall employ the *opt-out* notice procedure. The parties shall forthwith comply with this Order.

**IT IS SO ORDERED.**

DATED: June 14, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court