# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANYELL MURPHY, et al., <br><br>        Plaintiff, <br>   vs. <br>TARGET CORPORATION, et al., <br><br>        Defendant. | CASE NO. 09cv1436-BEN (WMc) <br><br>**ORDER RE: DISCOVERY ISSUES** |

### Background

Plaintiff, Danyell Murphy, brings this putative class action lawsuit on behalf of cashiers at Target Corporation alleging that Target violated California Industrial Welfare Commission Wage Order 7-2001 section 14(a) which states: All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats. Plaintiff alleges a violation of Wage Order 7-2001 constitutes a violation of Labor Code section 1198 which, in turn, permits Plaintiff to bring an action pursuant to the Private Attorneys General Act of 2004 to recover civil penalties. [Doc. No. 1, Exh. A (Complaint).]

On March 23, 2011, the Court held a status conference. Following the conference, the Court ordered briefing regarding outstanding discovery issues. [Doc. No. 52.] The Court now addresses those issues below.

*What Plaintiff Wants*

Plaintiff seeks a Court order to compel Target to provide responses to the following

discovery requests:

> (A) <u>Interrogatory No. 1</u>: IDENTIFY each position in Target's stores in the State of California that involves the operation of a cash register (regardless of the amount of time that position spends operating the cash register). (IDENTIFY means state the title of the position and the amount of time, on average, an employee in that position spends operating a cash register per week. For example, an answer might be: "store manager 1% of the time; assistant manager 20% fo the time; cashier 90% of the time.") (*See* Exhibit 1.)
>
> (B) <u>Interrogatory No. 7</u>: IDENTIFY each person who held the position of cashier (including without limitation the photo lab team member position and any similar position that regularly involves the operation of a cash register) in the State of California and, at any time between May 19, 2008 and the present, operated a cash register while in a seated position. (IDENTIFY means state the name, home address, and home telephone number of that person; the store(s) where that person worked; the position(s) that person held; the date(s) that person operated a cash register while seated; and the reason(s) that person operated the cash register while seated. For example, an answer might be: "Joe Smith, Store 1234, Cashier, operated a cash register while seated between January 1, 2009 and February 1, 2009 because he had a broken leg.") (*See* Exhibit 1.)
>
> (C) <u>Request for Production No. 18</u>: Any and all documents reflecting any instance during the relevant time period in California in which a Cashier operated a cash register while seated. (*See* Exhibit 3.)
>
> (D) <u>Request for Production No. 19</u>: Any and all documents reflecting any request by any Cashier for a seat during the relevant time period, including any documents reflecting Target's response to that request. (*See* Exhibit 3)
>
> (E) <u>Fed. R. Civ. P. 30(b)(6) Deposition Topic 6</u>: The identities of those Target employees in California who, at any time between January 1, 2000 and the present, operated a cash register from a seated position. (*See* Exhibit 4)
>
> (F) <u>Fed. R. Civ. P. 30(b)(6) Deposition Topic 7</u>: The facts and circumstances surrounding any situation in which a Target employee in California between January 1, 2000 and the present operated a cash register from a seated position. (*See* Exhibit 4)

(Plaintiff's Letter Brief pg. 1-2.)

     Plaintiff contends the responses they seek bear on the issue of whether the nature of the work of Target cashiers reasonably permits the use of a seat. *Id.* at 3. Plaintiff seeks the identities of injured or disabled employees which Target afforded the use of a seat so the employees could perform their duties. *Id.* Plaintiff asserts the testimony of these employees will show the extent to which an employee can perform essential cashier duties while seated. *Id.* Plaintiff has also

1  designated an ergonomics expert to testify on this issue. *Id*. Nevertheless, Plaintiff contends the
2  testimony of the actual employees will benefit the Court. *Id*.

3        Plaintiff further asserts the requested production will only minimally burden Target. *Id*.
4  Plaintiff proposes Target email each of its 250 California stores to ask the Human Resources Team
5  Leader ("HRTL"), the individual ostensibly charged with determining seat accommodation, to
6  identify and review the personnel files of employees that used seats. *Id*. Additionally, Plaintiff
7  describes the burden on Target to produce the requested information as inconsequential compared
8  to the amount in controversy, over $100 million dollars, or compared to Target's net earnings for
9  2009, over $2 billion dollars. *Id*. at 4.

10       Plaintiff also seeks Target's information regarding how long its California employees,
11 specifically Cashiers, Photo Lab Team Members, and Service Desk Team Members ("CPS"),
12 spend on average at the cash register. *Id*. at 5. Target has produced a time-and-motion sample
13 representing the time that Target employees, nationwide, spend on various tasks. *Id*. However,
14 Plaintiff seeks a stipulation from Target that this time-and-motion study represents the best
15 evidence available on how CPS employees spend their time. Absent stipulation, Plaintiff requests a
16 sample of the log-on data from selected Target stores. *Id*. at 6.

17       *Target's Response*

18       Target categorizes its response to Plaintiff's request into two general areas of
19 disagreement: (1) requests for information, documents, and testimony of CPS employees and (2)
20 specific information regarding CPS employees time spent operating cash registers. (Target Letter
21 Brief April 11, 2011.) Target characterizes Plaintiff's requests as broad, burdensome, vague and
22 ambiguous attempts to seek private, confidential, and irrelevant information of Target employees.
23 (*Id*. pg. 2.)

24       First, Target asserts the requests unduly burden Target because compliance with the request
25 will cost time and money. Specifically, Target estimates that Plaintiff's proposed email survey of
26 HRTL employees will consume 146 hours of employee time at a cost of $4,360. (*Id*. at 3.)
27 Additionally, Target asserts the request for HRTL testimony on the identities of seat-users, and the
28 facts and circumstances surrounding seat-use, will unduly burden the HRTL members because

1 Plaintiff seeks information on potentially numerous seat-users. (*Id*.)

2 Second, Target contends production of the requested information would invade its
3 employees privacy interests because Plaintiff intends to depose Target employees that used seats
4 on account of their disability or medical condition. (*Id*. at 4.) Target maintains such information is
5 private, regardless of whether or not these employees performed their duties seated in public view.
6 (*Id*.)

7 Third, Target asserts that the requested information is not only burdensome and invasive, it
8 is also minimally relevant because only a small portion of the estimated 30,000 strong putative
9 class operated a cash register while seated. (*Id*. at 5.) Thus, Target concludes, this information does
10 not bear on the central issue of whether the "nature of the work" of CPS employees "reasonably
11 permits" the use of a seat and therefore lacks relevance. (*Id*.)

12 Finally, Target estimates that it will cost $38,000 and require 340 hours of employee time
13 to comply with Plaintiff's request regarding the transaction-record sample. (Target Letter March
14 31, 2011.) In short, Target describes the requested production as "costly, time-consuming and
15 extremely burdensome." (*Id*.)

### **Standards**

Federal Rule of Civil Procedure to 26(b) sets forth the scope and limits of discovery in civil cases. It reads in pertinent part: "Unless otherwise limited by court order, the scope of discovery is as follows: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties claim or defense–including...[t]he identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(d).

Federal Rule of Civil Procedure 26(c)(1) empowers the Court "for good cause [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." One of the specifically enumerated powers in the Rule allows the court to forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters. Rule 26(c)(1)(D).

////
////

## **Analysis**

*Burden on Target to Produce*

Plaintiff claims her request minimally burdens Target. Target claims the requested information unduly burdens their HRTLs and their 30(b)(6) witness designated to testify to particular facts and circumstances surrounding every seat accommodation.

The Court recognizes that Plaintiff's request burdens Target and the Court appreciates Target's step by step breakdown of how it would comply with the discovery request. However, Target does not cite any case law to support its argument that the burden of the instant discovery outweighs the benefit. Nor can this Court determine on the face of Target's argument that the requested discovery unduly burdens Target. Rather, pursuant to Rule 26(b)(2)(C), the Court finds the burden on Target does not outweigh the likely benefit of the discovery of the evidence given the amount in controversy, the resources of the parties, and the importance of the particular discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

*Privacy Interests of Target Employees*

Target contends that producing the names of its CPS seat-users will necessarily reveal that the individual has or had a disability or medical condition because Target only affords seats to CPS employees with disabilities or medical conditions. Plaintiff contends these employees use seats in full public view and thus the mere use of a seat does not implicate any privacy interest. Plaintiff counsel contends she will not question the employee on their specific medical condition including the reason behind the seat accommodation.[1] Target asserts such limited questioning is "virtually impossible." (Target Letter Brief at 4.)

In *Pioneer Electronics v. Superior Court*, 40 Cal.4th 360 (2007), the California Supreme Court set forth a framework for analyzing claims of invasion of privacy in California discovery disputes. Following *Pioneer*, this Court must determine: (1) if the party has a legally protected privacy interest; (2) whether the party has a reasonable expectation of privacy; and (3) whether production of the information constitutes a serious invasion of privacy. *Pioneer*, 40 Cal.4th 360 at

---

[1] The Court notes Plaintiff's interrogatory number 7 conflicts with Plaintiff's promise to not question seat-users as to their underlying medical condition or disability.

370-71 (citing *Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1 (1994)). Where the Court finds the requested disclosure poses a serious threat of invasion of a protected privacy interest in which the holder enjoys a reasonable expectation of privacy, the Court must balance the party's need for the information against the individual's privacy rights. *See Davis v. Leal*, 43 F.Supp.2d 1102, 1110 (E.D.Cal. 1999) (California right to privacy is subject to a balancing of the needs of the litigation with the sensitivity of the information/records sought).

Here, the CPS seat-users undoubtedly have a legally protected privacy interest in their medical conditions and/or disabilities. *See Pioneer* at 372. Also, these employees presumably have a reasonable expectation in the privacy of their medical condition because even Target did not inquire into the basis of each employees request for a seat accommodation but rather provided seats for employees that merely indicated they had a medical condition or disability. However, the Court does not find that these employees have a reasonable expectation of privacy in their seat use or any implications that may flow from the use of a seat. Indeed, these employees use seats in plain view of the public and fellow employees. Although Target customers might not speculate on why one cashier uses a seat while another cashier does not, among the ranks of Target employees the question was certainly pondered and likely asked. Therefore, the Court finds that these employees would have anticipated some questioning or scrutiny regarding their seat use and thus neither have a reasonable expectation of privacy in their use of a seat nor a reasonable expectation of privacy in the implications which flow naturally from such usage.

Assuming these employees had a reasonable expectation of privacy, the requested production does not seriously invade that privacy because Plaintiff does not request medical records, nor information contained in medical records, nor does Plaintiff intend to question these employees on their medical conditions. Rather, Plaintiff requests the identity and contact information for these employees because these employees performed their cashier duties while seated and not because of the underlying condition rendering them seat-worthy.

To the extent that Target has already identified the general reason for seat-accommodation, the Court finds any additional invasion in identifying individual seat-users minimal. Additionally, although percipient witness willingness to participate is generally

irrelevant, these employees may well wish their contact information disclosed as it relates to the potentially wrongful acts of their employer, as alleged by Plaintiff[2]. *See Sandres v. Corrections Corp. of America*, 2011 WL 475068, *4 (E.D. Cal. February 4, 2011). Indeed, given Plaintiff's stated goal of providing suitable seats to *all* CPS employees, the Court finds the privacy interests of the current CPS seat-users in line with litigation interests of Plaintiff; if Plaintiff is successful, Target would be inclined to provide seats based on the employee's job title rather than the employee's underlying medical condition or disability, thereby obviating the need of CPS employees to disclose even the mere presence of a medical condition or disability. Similarly, such accommodation would preclude Target employees or Target customers from discerning or inferring anything from a CPS employee's use of a seat other than the nature of that employee's work must reasonably permit the use of a seat.

*Balancing the Needs/Interests of the Parties: Relevance of Plaintiff's Request*

Target argues that Plaintiff's request seeks minimally relevant information and thus the importance of the discovery does not outweigh the privacy interests at stake. (Target Letter Brief at 5.) The Court notes that it need not balance the interest of the parties because the Court concludes the CPS seat-users did not have a reasonable expectation of privacy and the production of their contact information does not pose a serious threat of invasion of that privacy. *See Belaire-West Landscape Inc. v. Superior Court*, 149 Cal.App.4th 554, 562 (2007). Nevertheless, after balancing the needs and interests of the parties, the circumstances presented here favor disclosure of the contact information.

First, the Court finds Plaintiff's requested information *highly* relevant because these employees personally experienced working as a cashier while using a seat. Therefore, these percipient witnesses can presumably provide first-hand testimony regarding any limitations or benefits they encountered while utilizing a seat to perform cashier duties. Second, the Court finds Target's arguments regarding the small number of seat-users and the modifications of their duties

---

[2] The Court is not stating or inferring the alleged acts are/are not lawful.

1   unavailing because these arguments go to the weight of the evidence, not its relevance to the case.[3]
2   Third, Plaintiff's use of an ergonomics expert does not diminish the relevance of the personal
3   experience of Target employees that have used a seat while working as a cashier nor does it render
4   the evidence cumulative; ergonomic expert testimony may not necessarily encompass the day-to-
5   day experiences of *actual* Target cashiers that used seats.

6        Therefore, the Court finds the balance of interests favor Plaintiff.

7        *Transaction Record Sample*

8        The Court will not decide the Transaction Record Sample issue in this Order because it
9   appears to the Court that the parties have neither fully availed themselves of the meet and confer
10  process nor fully committed to briefing this issue to the Court. Indeed, Plaintiff's letter brief
11  identifies the issue and suggests that Target could stipulate to the validity of the current production
12  whereas Target's letter brief indicates that Target will address the issue separately after the Court
13  reviews Target's March 31, 2011 letter to Plaintiff's counsel. Therefore, the Court Orders the
14  parties to meet and confer by ***July 22, 2011.*** If the parties do not reach an agreement on or before
15  ***July 22, 2011***, the parties may submit simultaneous 2-page letter briefs to the Court on this issue
16  (any attachments or exhibits must be tabbed) on or before ***July 27, 2011.*** The Court stresses the
17  importance of counsels' cooperative, practical, and sensible participation in attempting to resolve
18  this discovery dispute.

19  /////
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////

---

[3] The federal discovery standard for relevancy goes beyond the evidentiary relevance standard to include the disclosure of admissible or probative evidence and the disclosure of information reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

**Conclusion**

Plaintiff's request for production is **GRANTED** consistent with this Order. Target shall produce the names, addresses, and telephone numbers of the CPS seat-users. Plaintiff shall not question or inquire into the underlying medical conditions or disabilities of the CPS seat-users unless those employees freely and voluntarily consent. The parties shall forthwith comply with this Order.

**IT IS SO ORDERED.**

DATED: July 12, 2011

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court