| | |
|---|---|
| 1 | JAMES F. CLAPP (145814) |
|   | jclapp@sdlaw.com |
| 2 | JAMES T. HANNINK (131747) |
|   | jim.hannink@sdlaw.com |
| 3 | ZACHARIAH P. DOSTART (255071) |
|   | zdostart@sdlaw.com |
| 4 | DOSTART CLAPP & COVENEY, LLP |
|   | 4370 La Jolla Village Drive, Suite 970 |
| 5 | San Diego, California 92122-1253 |
|   | Tel: 858-623-4200 |
| 6 | Fax: 858-623-4299 |
| 7 | KEVIN J. McINERNEY (46941) |
|   | kevin@mcinerneylaw.net |
| 8 | McINERNEY & JONES |
|   | 18124 Wedge Parkway #503 |
| 9 | Reno, Nevada 89511 |
|   | Tel: 775-849-3811 |
| 10 | Fax: 775-849-3866 |
| 11 | MATTHEW RIGHETTI (121012) |
|    | matt@righettilaw.com |
| 12 | RIGHETTI LAW FIRM, P.C. |
|    | 456 Montgomery Street, Suite 1400 |
| 13 | San Francisco, California 94104 |
|    | Tel: 415-983-0900 |
| 14 | Fax: 415-397-9005 |
| 15 | Attorneys for Plaintiffs |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANYELL MURPHY and CANDI PERRY, individually and on behalf of all others similarly situated, | ) | CASE NO. 09 CV 1436 AJB (WMc) |
| Plaintiff, | ) | **FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698 ET SEQ.)** |
| vs. | ) | |
| TARGET CORPORATION | ) | |
| Defendant. | ) | |

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Danyell Murphy and Candi Perry, individually and on behalf of all others similarly situated, allege as follows:

## INTRODUCTION

1. This is a class action and a representative action for recovery of penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section 2698 et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of himself or herself and other current and former employees to address an employer's violations of the California Labor Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-2001, section 14 by failing to provide suitable seats to plaintiffs and other current and former employees. Plaintiffs seek penalties on behalf of themselves and other current and former employees of defendant as provided herein.

2. Plaintiffs Danyell Murphy and Candi Perry are individuals residing in the State of California.

3. Defendant Target Corporation is a Minnesota corporation doing business in San Diego, California.

4. Venue is proper in this judicial district because at least some of the alleged wrongdoing occurred in this judicial district.

5. For at least a part of the applicable limitations period, plaintiffs were employed as Cashiers in Target stores located in the State of California. In connection with their jobs as Cashiers, plaintiffs regularly operated a cash register.

6. Wage Order 7-2001, which covers businesses in the "mercantile industry" such as Target, states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id., section. 14(a). Target failed to provide its Cashiers, including plaintiffs, with seats, despite the fact that the nature of Cashier work reasonably permits the use of seats.

## CLASS ALLEGATIONS

7. <u>Class Definition:</u> Plaintiffs bring this lawsuit on their own behalf and as a class action under Fed. R. Civ. P. 23. The class ("Class") that plaintiffs seek to represent is defined as

## FIRST CAUSE OF ACTION
(Violation of PAGA)

14. Plaintiffs incorporate by reference the allegations set forth above.

15. California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. By failing to provide plaintiffs and the other Class members with seats, in violation of Wage Order 7-2001, section 14, Target violated Lab. Code section 1198.

16. PAGA permits an "aggrieved employee" to recover penalties on behalf of himself or herself and other current or former employees as a result of the employer's violations of certain sections of the California Labor Code. Plaintiffs are aggrieved employees, in that plaintiffs were employed by Target and, for at least a part of their employment during the limitations period, were not provided with seats, in violation of Lab. Code section 1198 and Wage Order 7-2001, section 14. A violation of Lab. Code section 1198 gives rise to private right of action under PAGA.

17. Plaintiffs have complied with the PAGA notice provision set forth in Cal. Lab. Code section 2699.3(a)(1). The Labor and Workforce Development Agency has not provided plaintiffs with notice that it intends to investigate this violation, although 33 calendar days have elapsed since the postmark date of the notice. Accordingly, plaintiffs are entitled to commence this action.

18. Plaintiffs request penalties against Target as provided under Lab. Code section 2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

## PRAYER

WHEREFORE, plaintiffs request entry of judgment, on behalf of themselves and the other Class members, against defendant as follows:

1. For penalties according to proof;
2. For reasonable attorneys' fees and costs of suit; and
3. For such other relief that the Court deems proper.

follows: "All persons who, during the applicable statute of limitations, were employed by Target in the State of California in the position of Cashier and, for at least part of their employment during the limitations period, were not provided with a seat."

8. <u>Ascertainable Class:</u> The Class is ascertainable in that its members may be identified and located using information contained in Target's personnel records.

9. <u>Numerosity:</u> The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. The Class consists of well over 1,000 individuals.

10. <u>Common Questions of Fact or Law:</u> This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Target is subject to the requirements of Wage Order 7-2001, section 14; (2) whether the job of a Cashier at Target reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount of penalties that should be awarded under PAGA.

11. <u>Typicality:</u> Plaintiffs' claims are typical of the claims of Class members. Plaintiffs and the Class members were injured by Target's common practice of failing to provide seats.

12. <u>Adequacy.</u> Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the Class.

13. <u>Superiority.</u> A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

| | | |
|---|---|---|
| 1 | Dated: February 2, 2011 | DOSTART CLAPP & COVENEY, LLP |
| 2 | | |
| 3 | | _____ |
| 4 | | JAMES F. CLAPP |
|   | | Attorneys for Plaintiffs |
| 5 | 479988.1 | |



FIRST AMENDED CLASS ACTION COMPLAINT    4