
WILSON TURNER KOSMO LLP
CLAUDETTE G. WILSON (110076)
MERYL C. MANEKER (188342)
KATHERINE K. POTHIER (171783)
LISA A. HILL (223995)
550 West C Street, Suite 1050
San Diego, California 92101
Telephone: (619) 236-9600
Facsimile: (619) 236-9669
E-mail: cwilson@wilsonturnerkosmo.com
E-mail: mmaneker@wilsonturnerkosmo.com
E-mail: kpothier@wilsonturnerkosmo.com
E-mail: lhill@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANYELL MURPHY and CANDI PERRY, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 09cv1436-CAB (WMC)<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL. LAB. CODE SECTION 2698 ET SEQ.)**<br><br>Complaint Filed:  May 19, 2009<br>District Judge:    Cathy Ann Bencivengo<br>Courtroom:        2<br><br>Magistrate Judge: William McCurine, Jr.<br>Courtroom:        C<br><br>Trial Date:         Not Set |

Defendant Target Corporation ("Defendant" or "Target") hereby answers the First Amended Class Action Complaint for Violation of the Labor Code Private Attorneys General Act of 2004 ("Complaint") of Plaintiff Danyell Murphy ("Plaintiff" or "Murphy") and Plaintiff Candi Perry

("Plaintiff" or "Perry"). Except as expressly admitted herein, Defendant denies any and all allegations set forth in the Complaint. Defendant further answers the paragraphs in the Complaint as follows:

## INTRODUCTION

1. In response to paragraph 1, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

2. In response to paragraph 2, Target lacks knowledge or information sufficient to form a belief about the truth of these allegations and, on that basis, denies the same.

3. In response to paragraph 3, Target admits that it is a corporation formed under the laws of the state of Minnesota. Target further admits that it does business in San Diego, California. Except as expressly admitted, Target denies the remaining allegations of this paragraph.

4. In response to paragraph 4, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target admits that venue in this court is proper.

5. In response to paragraph 5, Target admits that it employed Plaintiffs in California in the position of Cashier during some or all of the time relevant to this action. Except as expressly admitted, Target denies the remaining allegations contained in paragraph 5.

6. In response to paragraph 6, Target admits that Wage Order 7-2001 applies to businesses in the mercantile industry and that Wage Order 7-2001 states, in part, that "[a]ll working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Except as expressly admitted, Target denies the remaining allegations of paragraph 6.

## CLASS ALLEGATIONS

7. In response to paragraph 7, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

8. In response to paragraph 8, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

9. In response to paragraph 9, Target admits that the Class, as defined in the Complaint, consists of over 1,000 individuals. Except as expressly admitted, Target responds that Plaintiffs' remaining allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

10. In response to paragraph 10, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

11. In response to paragraph 11, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

12. In response to paragraph 12, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

13. In response to paragraph 13, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

## FIRST CAUSE OF ACTION

### (Violation of PAGA)

14. In response to paragraph 14, Target incorporates by reference the responses to paragraphs 1-13, inclusive, set forth above.

15. In response to paragraph 15, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

16. In response to paragraph 16, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

17. In response to paragraph 17, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

18. In response to paragraph 18, Target responds that Plaintiffs' allegations are legal conclusions and thus, Target is not required to admit or deny the allegations therein. To the extent a response is required, Target denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The First Amended Complaint and each and every purported cause of action thereof fails to state facts sufficient to constitute any cause of action against Target.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims or causes of action may be barred by the applicable statutes of limitations, including, without limitation, Code of Civil Procedure section 340.

### THIRD AFFIRMATIVE DEFENSE

Target denies all assertions of violations of the California Labor Code or California's Industrial Welfare Commission Wage Orders.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped by their conduct from recovering any relief by their First Amended Complaint, or any purported claim or cause of action alleged therein.

### FIFTH AFFIRMATIVE DEFENSE

By their conduct, Plaintiffs have waived any right to recover any relief sought in their First Amended Complaint, or any purported claim or cause of action alleged therein.

///

///

///

## SIXTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiffs' First Amended Complaint, or any claim or purported cause of action alleged therein, is barred because the disputed conduct was privileged and/or justified.

## SEVENTH AFFIRMATIVE DEFENSE

Target alleges that the First Amended Complaint is barred because no private right of action exists for violations of the provisions of the Wage Order.

## EIGHTH AFFIRMATIVE DEFENSE

Target is informed and believes and thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiffs and the members of plaintiffs' putative class pertinent to the matters alleged in Plaintiffs' Complaint on file herein, including, but not limited to, its duty to provide seats to employees when the nature of their work reasonably permits the use of seats or when employees are not engaged in the active duties of their employment and the nature of the work requires standing to provide an adequate number of suitable seats in reasonable proximity to the work area for use by employees when the use of seats does not interfere with the performance of employee duties, as required by Industrial Welfare Commission Wage Order 7-2001(14).

## NINTH AFFIRMATIVE DEFENSE

Target is informed and believes that Plaintiffs' cause of action is barred, at least in part, by the failure of Plaintiffs and/or members of the class they purport to represent to avail themselves of Target's internal remedies.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state facts sufficient to certify a class action pursuant to Code of Civil Procedure section 382 in that there is no ascertainable class, no community of interest among those whom Plaintiffs purport to represent, Plaintiffs' claims are not typical of the class(es) they purport to represent, common questions of law and/or fact do not predominate, Plaintiffs are not adequate representatives of the putative class(es), and because a class action is not the superior method for adjudicating this dispute, and accordingly, this action is not properly brought as a class action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint and the claims of each putative class member are barred because the purported class definition is uncertain, ambiguous, and conclusory.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs lack standing to assert the claims in the First Amended Complaint either individually or as a class action or representative action.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs and members of the putative class are not entitled to recover penalties pursuant to the Private Attorneys General Act, California Labor Code section 2699 *et seq.*, for violations of Industrial Welfare Commission Wage Order 7-2001 to the extent those alleged violations do not result in an underpayment pursuant to the restrictions articulated in Wage Order 7-2001(20).

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs and the putative class seek to recover civil penalties that are disproportionate to the harm suffered, if any, including but not limited to penalties pursuant to California Labor Code section 2699 et seq., an award of civil penalties in the circumstances of this case would constitute an excessive fine, a violation of equal protection, and would otherwise violate Target's rights under the United States and California Constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Target is informed and believes that, at all relevant times, Target exercised reasonable care to prevent and correct any alleged unlawful conduct, and that Plaintiffs and the members of the putative class unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Target.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If any loss or detriment occurred as alleged in the Complaint, the loss or detriment was caused and contributed to by the actions of Plaintiffs.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Without admitting the allegations contained in the Complaint, if Plaintiffs suffered any injury resulting in loss or damage, such loss or damage was proximately caused, at least in part, by

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004

Plaintiffs' own failure to mitigate against their alleged damages, and therefore, Plaintiffs' claims must be reduced, diminished, or defeated by such amounts as should have been so mitigated.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs or any member of the class seeks to recover for alleged injury, that recovery is barred by the exclusivity of remedy thereof under the California Workers' Compensation Act (California Labor Code section 3200 *et seq.*; see also California Labor Code section 2699(k).)

### NINETEENTH AFFIRMATIVE DEFENSE

The subject matter of Plaintiffs' Complaint is within the jurisdiction of a number of state and federal agencies, including, but not limited to, the federal Occupational Safety and Health Administration ("OSHA"), California's Division of Occupational Safety and Health ("Cal-OSHA"), and the California Division of Labor Standards Enforcement ("DLSE") who have special competence in this area and thus, under the doctrine of primary jurisdiction, the Court should withhold any resolution of this dispute until OSHA, Cal-OSHA and/or the DLSE have had opportunity to consider Plaintiffs' claims.

### TWENTIETH AFFIRMATIVE DEFENSE

Target is entitled to an exemption from Wage Order 7-2001 section 14 pursuant to the provisions of Wage Order 7-2001 section 17.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Target is entitled to a reduction or elimination of any PAGA penalties pursuant to Labor Code section 2699(e)(2), because any award of penalties would be unjust, arbitrary and oppressive, and confiscatory.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by their First Amended Complaint;

2. That Plaintiffs' First Amended Complaint herein be dismissed in its entirely with prejudice;

3. That judgment be entered against Plaintiffs and in favor of Defendant;

4. That Defendant recover its costs of suit herein, including reasonable attorneys' fees; and,

5. That the Court award such other and further relief as it deems appropriate.

Dated: March 12, 2012

**WILSON TURNER KOSMO LLP**

By: /s/ CLAUDETTE G. WILSON
CLAUDETTE G. WILSON
MERYL C. MANEKER
KATHERINE K. POTHIER
LISA A. HILL
cwilson@wilsonturnerkosmo.com
mmaneker@wilsonturnerkosmo.com
kpothier@wilsonturnerkosmo.com
lhill@wilsonturnerkosmo.com

Attorneys for Defendant
TARGET CORPORATION